# UNITED STATES DISTRICT COURT
for the
Middle District of Florida ▼

__Tampa_____ Division

| | |
|---|---|
| Tanya Santiago<br><br>_Plaintiff(s)_<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br>-v-<br>Kilolo Kijakazi Acting Commissioner, Social Security Administration, Agency<br><br>_Defendant(s)_<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. _____<br>(to be filled in by the Clerk's Office)<br><br>Jury Trial: (check one)  ✔ Yes   ☐ No |

## COMPLAINT FOR A CIVIL CASE

**I.  The Parties to This Complaint**

**A.  The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Tanya Santiago |
| Street Address | 897 Crestridge Cir |
| City and County | Tarpon Springs |
| State and Zip Code | Florida 34688 |
| Telephone Number | 727-692-6315 |
| E-mail Address | Highlyfavored731ts@gmail.com |

**B.  The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Defendant No. 1
- Name: Kilolo Kijakazi
- Job or Title (if known): Acting Commissioner Social Security Administration
- Street Address: 6401 Security Blvd
- City and County: Baltimore
- State and Zip Code: MD 21235
- Telephone Number: 410-965-1234
- E-mail Address (if known):

Defendant No. 2
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[ ] Federal question          [✓] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* Tanya Santiago, is a citizen of the State of *(name)* Florida.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* no, is incorporated under the laws of the State of *(name)* n/a, and has its principal place of business in the State of *(name)* n/a.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* no, is a citizen of the State of *(name)* n/a. Or is a citizen of *(foreign nation)* n/a.

      b.    If the defendant is a corporation

The defendant, *(name)* Kilolo Kijakazi Acting Comm. SSA, Agen , is incorporated under the laws of the State of *(name)* Maryland , and has its principal place of business in the State of *(name)* Maryland .

Or is incorporated under the laws of *(foreign nation)* _____ , and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount the plaintiff is requesting is well above the said amount of $75,000.00 due to loss of wages for a substantial amount of time, abruption of income and the ability to survive. The plaintiff performed her job duties for less than ten years and was dependent on her income to live. This amount was less than what she earned annually and now has been financially affected by this wrongful action against her,

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The plaintiff is entitled to damages and relief due to loss of income by way of the wrongful termination brought upon by the defendant in this case the Acting Commissioner, Kilolo Kijakazi of the Social Security Administration. The plaintiff was employed with this agency for almost ten years and the abrupt ion of employment and gratification of her career has caused tremendous harm both emtionally and financially. It has altered her way of life and demeaned her status in the govermental arena and public.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I am requesting payment of $1,000.000.00 due to wrongful termination and compensatory damages due to egregious actions of the Social Security Adminstration, Agency under the direction of the Acting Commissioner Kilolo Kijakazi.

*[signature] Tanya Santiago 9/13/2021*

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

Tanya Santiago,

    Plaintiff

v

Kilolo Kijakazi,

Acting Commissioner,

Social Security Administration,

    Agency.

    Defendant

8:21 cv 2175 wFJ - SPF

## COMPLAINT

Plaintiff Tanya Santiago complains against Defendant Kilolo Kijakazi, Acting Commissioner, Social Security Administration, Agency.

### Jurisdictional Allegation

Jurisdiction in this case is based on approval from the U.S. Equal Employment Opportunity Commission providing the complainant the right to file a civil action in the appropriate United States District Court for the state of Florida against the defendant Kilolo Kijakazi, Acting Commissioner, Social Security Administration, Agency. This right was provided from the EEOC based on filing timelines and not the merit of the case. Tanya Santiago is a citizen of Florida.

1. On January 31, 2020, plaintiff Tanya Santiago was terminated from her employment after less than ten years of service with the Social Security Administration.
2. Defendant the Acting Commissioner, of the Social Security Administration, Agency received the request by the plaintiff's direct supervisor Alberto Porras, to terminate her employment based on trumped-up allegations by a client's daughter, not the client herself, because she was upset that her mother would not receive any more money from a deceased divorced spouse's record and another client who provided a written statement to the plaintiff herself after the interview, stating that the interview went well.

3. As a result of the false and misleading information provided by Alberto Porras stating that plaintiff was terminated because of service provided to the client which the client has not contacted the Social Security Administration to state anything regarding her interview with the plaintiff. The other client provided a written statement after the interview with the plaintiff with positive remarks. Prior to the end of the interview the plaintiff requested that her then supervisor Alberto Porras speak to and confirm that she too was not eligible for her deceased spouse's benefits face to face at the close of the interview. The plaintiff showed the SSA-795 document to Alberto Porras showing the positive remark from the client. He then was very upset that the plaintiff received the positive statement and then proceeded to inform the plaintiff that he would contact the client again.
4. This is a common occurrence by Alberto Porras to try to get derogatory statements from clients to have a paper trail to substantiate his harassing actions towards the plaintiff Tanya Santiago. He used these two allegations as to formulate the outcome to remove the plaintiff from federal employment. The problem is that he has a history of initiating negative feedback to portray a false view of the plaintiff. Whereas he submitted the proof from the client's daughter, he falsified documents to show that this was the actual person of whom I performed the interview with and not the client herself. The actual client bore witness to no actions either positive or negative with the plaintiff. The interview was scheduled, performed and conducted with the client's mother not the daughter. To protect the personal information of the client (mother) and her deceased divorced spouse I requested that the interview be conducted with the phone speaker turned off as there were countless people in the background and I wanted to secure the information of both parties.
5. The plaintiff filed for unemployment benefits with the DEO in Florida and was initially denied. An appeal was made, and the findings were reversed and found that the plaintiff, simply put did her job and that the client's daughter of which Alberto Porras falsely claimed was the actual client and the second client were in fact not pleased with Social Security Administration laws and procedures. The second client did provide a positive interview statement in spite of this.
6. The plaintiff received monthly compliments, letters of appreciation and gifts from the public during her ten years of service with the Agency. This included the prior Action Commissioner for Social Security Administration, Agency, Carolyn Colvin, law enforcement, attorney's, a sitting Pinellas County judge, dignitaries, public and vendors solicited for donations and services.
7. Therefore because of these actions taken against me I am requesting to be reinstated and compensated for these egregious acts of racial discrimination and harassment.
8. Alberto Porras has a history of harassments and union grievances filed against him from the region he transferred from to this region. Throughout the years the plaintiff has filed numerous grievances with the union as to his racial, biased and religious discriminatory acts toward her.

## Demand for Relief

WHEREFORE, the plaintiff demands judgements:

- Reinstatement of employment to my former position of Claims Authorizer or Technical Advisor
- Restore any and all wages lost from February 1, 2020 to reinstatement date
- Reinstatement of Step increase effective March 10, 2020 and all applicable step increases
- All employment records expunged of any and all negative references before, during and after termination
- Employment record adjusted to show no break in service from March 10, 2010 and thereafter
- Full reinstatement of any and all benefits due me as a civil service employee for 2020 and 2021
- Benefits reinstated paid and funded from February 1, 2020 such as retirement, TSP, life insurance, health, medical and dental insurance, monetary awards and cost of living increases for 2020 and 2021 and thereafter
- Transfer to another field office of my choice
- Damages in the amount of $1,000,000.00

## Jury demand

Plaintiff demands a jury trial and ability to withdraw if applicable

Dated this 9th day of September, 2021

Tanya Santiago

897 Crestridge Cir, Tarpon Springs, FL 34688

727-692-6315