UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TANYA SANTIAGO,

    Plaintiff,

v.                                          Case No.:  8:21-cv-2175-WFJ-MRM

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss Complaint, filed on August 1, 2022.  (Doc. 14).  Plaintiff filed a response in opposition on August 22, 2022.  (Doc. 15).  This matter is ripe for the Court's review.  For the reasons below, the Undersigned recommends that the Motion (Doc. 14) be **GRANTED**.

**I.  Background**

Proceeding *pro se*, Plaintiff brought this action on September 13, 2021, alleging that she was wrongfully terminated from her employment with the Social Security Administration ("SSA").  (Doc. 1 at 5).  After some delay, Plaintiff served Defendant in June 2022.  (Doc. 12).  Rather than answer the Complaint, Defendant filed this Motion, asserting that Plaintiff failed to exhaust administrative remedies.  (Doc. 14).

## II. Discussion

Motions to dismiss for failure to exhaust are not expressly mentioned in Rule 12(b), but that "is not unusual or problematic." *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008). "Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'" *Id.* at 1374-75 (citation omitted). When exhaustion is raised "not [as] an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.* at 1376; *see also Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010) (recognizing "12(b) motions regarding exhaustion of nonjudicial remedies as similar to motions regarding jurisdiction and venue").

In this case, Defendant argues that the Court should consider facts outside the pleadings and attaches several exhibits for the Court's consideration. (Doc. 14 at 3). Plaintiff does not specifically address whether the Court may consider such evidence, but she provides her own exhibits attached to her response. (Doc. 15 at 2). From this, the Undersigned finds that both parties were able to develop the record sufficiently. Alongside the fact that the Motion does not seek an adjudication of the merits of Plaintiff's claims, the Undersigned finds that the Court may consider facts outside the pleadings. *Bryant*, 530 F.3d at 1376.

### A. Factual Background

The Undersigned summarizes the factual background presented in the Complaint, the current briefing, and the parties' exhibits. On January 31, 2020, the SSA terminated Plaintiff's employment. (Doc. 1 at 5). On June 8, 2020, Plaintiff contacted an Equal Employment Opportunity ("EEO") counselor regarding her termination and allegations of discrimination and harassment. (Doc. 14-2 at 4). During an interview four days later, the EEO counselor advised Plaintiff of the regulatory requirement that an individual contact an EEO counselor within forty-five days of the alleged discriminatory event. (*Id.* at 6); *see also* 29 C.F.R. § 1614.105. Plaintiff explained then that an attorney incorrectly advised her regarding the reporting period. (*Id.*).

On August 27, 2020, Plaintiff received a Notice of Right to File a Formal EEO Complaint of Discrimination, (Doc. 15-1 at 3), and she filed the formal complaint that same day, (Doc. 14-1 at 2). On October 22, 2020, the SSA released its Final Administrative Decision ("FAD"), dismissing all claims for failure to timely contact an EEO counselor. (*See* Doc. 14-3). The FAD also advised Plaintiff that she could appeal the decision within thirty days of receipt of the FAD. (*Id.* at 2). While it appears that Plaintiff received the FAD the same day it was released, Plaintiff confirmed receipt on November 23, 2020. (*See* Docs. 14-4, 14-5).

On April 6, 2021, Plaintiff filed an appeal with the United States Equal Employment Opportunity Commission Office of Federal Operations ("OFO"). (Doc. 14-6). About two months later, the OFO dismissed Plaintiff's appeal as

3

untimely. (Doc. 14-7 at 2). Following that dismissal, Plaintiff filed this lawsuit. (Doc. 1).

### B. The Parties' Arguments

Defendant contends that Plaintiff's claims fall under Title VII of the Civil Rights Act and thus require exhaustion. (Doc. 14 at 4). Defendant argues that Plaintiff failed to exhaust her administrative remedies, so her Complaint should be dismissed. (*Id*. at 1). In support, Defendant asserts (1) Plaintiff failed to timely contact an EEO counselor, (*id.* at 4-5), and (2) Plaintiff failed to timely appeal the FAD, (*id.* at 6).

In response, Plaintiff first emphasizes her alleged wrongful termination and discrimination. (Doc. 15 at 1). Turning to Defendant's arguments, Plaintiff essentially maintains that she "went through the normal processes of filing with this government agency and throughout this action she was informed of each step of which she should take to attempt to bring resolution to her wrongful termination." (*Id*.). Plaintiff further contends that filing suit in this Court "authorized [her] to receive a right to sue the defendant." (*Id.*). Finally, Plaintiff cites to the "National Emergency" recognized by a memorandum sent to her on April 6, 2020 as creating "adjustments . . . to be made to accommodate complainants." (*Id*. at 2 (citing Doc. 15-1 at 1-2)). As a result, Plaintiff essentially contends that her Complaint was timely filed, and Defendant's Motion must be denied. (*Id*. at 5).

4

### C. Analysis

Plaintiff seeks redress for alleged discrimination that resulted in her wrongful termination. (*See* Doc. 1). "Title VII prohibits employers—including the federal government—from discriminating against employees on the basis of race or national origin." *Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1243 (11th Cir. 2012). Before filing a Title VII action, however, "[a] federal employee must pursue and exhaust her administrative remedies." *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999). As the Eleventh Circuit explained, "the purpose of exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer." *Wade v. Sec'y of the Army*, 796 F.2d 1369, 1377 (11th Cir. 1986). At issue in this case are the timeliness of (1) Plaintiff's contact with an EEO counselor and (2) her appeal to the OFO. The Undersigned considers each below.

#### 1. Plaintiff's Contact With EEO Counselor.

Federal regulations provide that an employee alleging discrimination "must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). Further, the employee "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." *Id.* at § 1614.105(a)(1). "Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies." *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir.

5

2008). But this forty-five-day limit is not jurisdictional. *Ramirez*, 686 F.3d at 1243. It is subject to waiver, estoppel, and equitable tolling like a statute of limitations. *Id.* Moreover, "[i]f the employee shows that [s]he was not notified or otherwise aware of the time limits, then [s]he may seek an extension of the 45 day period." *Gaillard v. Shinseki*, 349 F. App'x 391, 392 (11th Cir. 2009) (citing 29 C.F.R. § 1614.105(a)(2)).

As alleged in her Complaint, Plaintiff believes she was wrongfully terminated on a discriminatory basis. (Doc. 1). Her termination occurred on January 31, 2020. (*Id.* at 5). Accordingly, she should have contacted an EEO counselor no later than March 16, 2020 (*i.e.*, forty-five days after her termination). *Shiver*, 549 F.3d at 1344. However, Plaintiff failed to contact an EEO counselor until June 8, 2020. (Doc. 14-2 at 1). Thus, her attempt at exhaustion is untimely. *Tillery*, 402 F. App'x at 425-26 (affirming district court's dismissal of complaint for failure to exhaust administrative remedies with an EEO counselor before filing suit); *Gaillard*, 349 F. App'x at 392 (same).

To excuse the untimeliness, Plaintiff argues that an attorney misadvised her on the timeframe to consult an EEO counselor. (Doc. 14-2 at 6). Yet Plaintiff provides no legal authority or argument supporting her implicit request that this excuse her non-compliance. Although the Court treats Plaintiff's pleadings and other papers with a liberal construction, the Court cannot act as Plaintiff's legal advocate and create arguments for her. *See, e.g.*, *Crosby v. Florida*, No. 3:22-cv-67-MMH-LLL, 2022 WL 1289337, at *1 (M.D. Fla. Apr. 29, 2022) (citation omitted).

To the extent that Plaintiff's mention of her attorney's mis-advisement could be construed as an argument for equitable tolling, the argument is unavailing. Courts apply equitable tolling when a defendant misleads the plaintiff to allow "the statutory period to lapse," if a plaintiff has "no reasonable way of discovering the wrong perpetrated against" her, "or when [a plaintiff] files a technically defective pleading and in all other respects acts with the proper diligence which statutes of limitations were intended to insure." *Robinson v. Jojanns*, 147 F. App'x 922, 924 (11th Cir. 2005) (quoting *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993)). "The plaintiff bears the burden of establishing that equitable tolling is warranted." *Scott v. Piedmont Columbus Reg'l Hosp.*, 806 F. App'x 954, 955 (11th Cir. 2020).

"'Equitable tolling is an extraordinary remedy which should be extended only sparingly.'" *Scott*, 806 F. App'x at 955 (quoting *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004)). Consequently, equitable tolling is applied only to "extraordinary circumstances that are both beyond [the plaintiff's] control and unavoidable even with diligence." *Id.*

Here, none of the specified scenarios apply. First, Plaintiff proffers no argument that Defendant misled her as to the deadline for contacting an EEO counselor. (*See* Doc. 14 at 1). Instead, Plaintiff cites incorrect advice from an attorney. (*Id.*). Second, Plaintiff fails to show that she would have "no reasonable way" of figuring out her attorney gave her the wrong deadline. (*See id.*). The Eleventh Circuit has held that "[m]ere attorney negligence does not justify equitable tolling," even with "[a]n attorney's miscalculation of the limitations period." *Steed v.*

7

*Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).  Third, Plaintiff has not established that she acted "with the proper diligence" in all other respects.  (*Id.*).  As discussed below, Plaintiff continued to fail to meet the exhaustion requirements during the rest of the process.  Thus, the Undersigned finds that Plaintiff has failed to show that equitable tolling is appropriate here.

Consequently, the Undersigned finds Defendant's Motion should be granted on this ground alone.  *Gaillard*, 349 F. App'x at 392-93.  Even so, the Undersigned analyzes Defendant's second basis for dismissal for the benefit of the presiding United States District Judge and the parties, in the event that the District Judge disagrees with the Undersigned's findings and recommendations above.

        **2.**     **Plaintiff's OFO Appeal**

Even if the Court equitably tolled the deadline by which Plaintiff should have contacted an EEO counselor, Plaintiff still failed to exhaust her administrative remedies based on her untimely OFO appeal.  Federal regulations provide that appeals "must be filed within 30 days of receipt of the dismissal, final action or decision." 29 C.F.R. § 1614.402(a).  In the case of unrepresented employees, "the time within which to appeal shall be calculated from the receipt of the required document by the complainant." *Id.* at § 1614.402(b).  As with the EEO counselor deadline, failure to timely appeal bars a plaintiff's claims in court.  *See Swauger v. Dep't of Def. – Def. Intel. Agency*, 852 F. App'x 393, 396 (11th Cir. 2021).

In this case, the SSA issued the FAD on October 22, 2020 and dismissed all claims for failure to timely contact an EEO counselor.  (Doc. 14-3 at 6).  The FAD

8

advised Plaintiff that she could appeal the decision within thirty days of receipt of the FAD. (*Id.* at 2). The SSA emailed Plaintiff a copy of the FAD the day it was released. (Doc. 14-4). Responding to that email, Plaintiff confirmed receipt of the FAD on November 23, 2020, (Doc. 14-5), but Plaintiff did not file an appeal with the OFO until April 6, 2021, (Doc. 14-6).

Although Defendant argues that Plaintiff received the FAD before November 23, 2020, (*see* Doc. 14 at 6), the Court need not resolve this issue. Even if Plaintiff did not receive the FAD until November 23, 2020 – the day on which she confirmed receipt – Plaintiff failed to timely file her appeal. More specifically, assuming Plaintiff received the FAD on November 23, 2020, her period to file an appeal would have expired on December 23, 2020. Yet Plaintiff filed her appeal on April 6, 2021, well beyond the thirty-day deadline to do so.[1] Because Plaintiff untimely appealed, she failed to exhaust administrative remedies, and her claims are barred. *Swauger*, 852 F. App'x at 396.

In her response brief, Plaintiff cites two reasons for why her claims are not barred: (1) the memorandum sent to her on April 6, 2020 created adjustments to the administrative process, and (2) this lawsuit that she filed within ninety-days of the OFO's dismissal of her appeal guarantees her right to sue. (Doc. 15 at 1-2). The

---

[1] Plaintiff's response brief mentions that she mailed an appeal to the EEOC on September 11, 2020. (Doc. 15 at 2). Because the FAD was not released until October 22, 2020, (Doc. 14-3), it is unclear what appeal Plaintiff mailed to the agency. Regardless, the Undersigned calculates the deadline by which to appeal from November 23, 2020, the date Plaintiff confirmed receipt of the FAD.

9

Undersigned finds both arguments unpersuasive. First, Plaintiff did not provide the April 6 memorandum in her attachments. Rather, Plaintiff provided only an undated memorandum giving an update on the April 6 memorandum. (Doc. 15-1 at 1–2). This memorandum does not state or suggest that the OFO altered any of the regulatory deadlines. (*See id.*). The only other mention of the April 6 memorandum in the documentation Plaintiff provided is contained in a notice to the agency "regarding the tolling of timeframes during the pandemic." (*Id.* at 39). That notice, however, continues by explaining that the "EEOC will not sanction an *agency* that holds off on taking final actions pursuant to the directive of the memo." (*Id.* (emphasis added)). Thus, it appears that any alteration to the regulatory deadlines applied to the agency, not individuals. Regardless, Plaintiff presented no evidence upon which the Court can find that the April 6 memorandum excuses her failure to exhaust.

Second, although Plaintiff may have timely filed this lawsuit, it does not remedy her prior failures to exhaust. The OFO's dismissal advised Plaintiff that she had the "right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date you receive this decision." (Doc. 14-7 at 4 (emphasis removed)). But Plaintiff fails to explain why compliance with that ninety-day deadline would excuse her previous failures to administratively exhaust. After all, the requirement to exhaust administrative remedies would lose all teeth if it could be circumvented simply by filing suit. Moreover, as explained before, exhaustion of administrative remedies acts as a prerequisite for filing suit. *See*

*Murphree v. Comm'r*, 644 F. App'x 962, 965 (11th Cir. 2016) ("A federal employee must pursue and exhaust [her] administrative remedies *before* bringing suit in federal court under Title VII." (emphasis added)).  Although Plaintiff may file this lawsuit, the mere act of filing does not foreclose Defendant's entitlement to dismissal for failure to exhaust.  *See, e.g.*, *Gaillard*, 349 F. App'x at 392-93 (affirming the decision to dismiss a Title VII lawsuit based on a prior failure to exhaust administrative remedies).

### 3. Dismissal Without Prejudice

Although no party raises the issue, the Undersigned finds it necessary to consider whether the recommendation to dismiss Plaintiff's Complaint should be with or without prejudice.  The Eleventh Circuit has held that "[w]here a more carefully drafted complaint might state a claim, a plaintiff *must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Lee v. Alachua Cnty., Fla.*, 461 F. App'x 859, 860 (11th Cir. 2012) (citation omitted).  However, "[w]hile a pro se litigant must generally be given an opportunity to amend [her] complaint, a district court need not allow any amendment where amendment would be futile." *Id.*  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

In this case, allowing Plaintiff an opportunity to amend her Complaint would likely prove futile.  The Undersigned recommends dismissal not on the merits of

11

Plaintiff's claim but rather on the failure to exhaust administrative remedies. Amendment is not likely to cure that particular defect, and the Eleventh Circuit has affirmed dismissal with prejudice under similar circumstances. *See Rueda-Rojas v. United States*, 477 F. App'x 636, 638 (11th Cir. 2012) (affirming dismissal with prejudice of a pro se plaintiff's complaint in which he failed to initiate administrative review of his termination within the forty-five-day deadline to do so).  But the Undersigned is cognizant that Plaintiff has not had an opportunity to amend in this case.  Therefore, the Undersigned recommends dismissal without prejudice but without *sua sponte* authorizing leave to amend, given the futility of amendment based on the record before the Court.  *See Caldwell v. U.S. Dep't of Veterans Admin.*, No. 8:14-cv-2708-T-33EAJ, 2015 WL 2356021, at *11 (M.D. Fla. May 15, 2015) (dismissing action without prejudice but declining "to authorize further amendment of the pleadings in this action because the Court has determined that [the pro se plaintiff] must exhaust the FTCA's administrative remedies").

## CONCLUSION

For these reasons, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Defendant's Motion to Dismiss Complaint (Doc. 14) filed on August 1, 2022 (Doc. 14) be **GRANTED**;

2. Plaintiff's Complaint (Doc. 1) be dismissed without prejudice; and

3.  The Clerk of Court be directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on November 14, 2022.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C).  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection.  To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties