UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TANYA SANTIAGO,

    Plaintiff,

v.     Case No.:  8:21-cv-2175-WFJ-MRM

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's Application to Proceed in District Court Without prepaying Fees or Costs (Long Form), which is construed as a motion for leave to appeal *in forma pauperis* ("IFP"). (Doc. 21). For the reasons below, the Undersigned recommends that the motion (*id.*) be **DENIED**.

**I.     Background**

Proceeding *pro se*, Plaintiff brought this action on September 13, 2021, alleging that she was wrongfully terminated from her employment with the Social Security Administration. (Doc. 1 at 5). Defendant filed a motion to dismiss, arguing that Plaintiff failed to exhaust her administrative remedies. (Doc. 14). On November 14, 2022, the Undersigned issued a report and recommendation recommending that Defendant's motion be granted. (Doc. 16). In doing so, the Undersigned made two findings: (1) Plaintiff failed to timely contact an Equal Employment Opportunity

("EEO") counselor; and (2) Plaintiff untimely appealed to the United States Equal Employment Opportunity Commission Office of Federal Operations ("OFO"). (*Id.* at 6, 9). These two actions resulted in Plaintiff's failure to exhaust administrative remedies. Plaintiff objected to the report and recommendation, (Doc. 17), but the presiding United States District Judge adopted it and granted the motion to dismiss, (Doc. 18).

On December 30, 2022, Plaintiff filed a notice of appeal. (Doc. 20). Along with that notice, Plaintiff filed an Application to Proceed in District Court Without prepaying Fees or Costs (Long Form). (Doc. 21). The Court liberally construes this filing as a motion for leave to appeal *in forma pauperis*.

## II.  Discussion

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Accordingly, "[t]o proceed IFP on appeal, two elements are required: (1) the party must show an inability to pay; and (2) the appeal must be brought in good faith." *Jones v. Bank of Am.*, No. 2:19-cv-646-FtM-38NPM, 2020 WL 8812749, at *1 (M.D. Fla. June 2, 2020). Good faith is determined under an objective standard, *Jones*, 2020 WL 8812749, at *1, such that "'[g]ood faith is demonstrated where an appeal seeks appellate review of any issue not frivolous.'" *Fisher v. Whitlock*, No. 6:17-cv-574-Orl-37TBS, 2018 WL 6983626, at *2 (M.D. Fla. Dec. 19, 2018), *report and recommendation adopted*, 2019 WL 162090 (M.D. Fla. Jan. 10, 2019) (quoting *Schmitt*

2

*v. U.S. Office of Pers. Mgmt.*, No: 8:09-cv-943-T-27EAJ, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009)). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (inner quotations and citations omitted). Put differently, "'[a] lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight.'" *Cooley v. Ocwen Loan Serv., LLC*, 729 F. App'x 677, 680 (11th Cir. 2018) (quoting *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

In this case, the Undersigned does not find that Plaintiff's appeal is taken in good faith. The Undersigned recommended dismissal of Plaintiff's Complaint for two independent reasons. (Doc. 16). First, Plaintiff did not timely contact an EEO counselor. (*Id.* at 6). Although Plaintiff did not argue for equitable tolling, the Undersigned also considered equitable tolling and nevertheless found it inapplicable. (*Id*. at 7-8). Second, Plaintiff did not timely appeal to the OFO. (*Id.* at 8-9). Although Plaintiff filed an objection to the report and recommendation, she did not address her failure to exhaust administrative remedies. (Doc. 17). Instead, she argued, as the District Judge noted, "the merits of her claim." (Doc. 18 at 2). The District Judge, after considering the objection, adopted the report and recommendation in full. Based on the above, the Undersigned is left to conclude only that Plaintiff's "realistic chances of ultimate success are slight." *Cooley*, 729 F. App'x at 680 (citation omitted); *see also Green v. Thomson*, 1:20-cv-19 (LAG) (TQL),

3

2022 WL 1042915, at *2-3 (M.D. Ga. Feb. 28, 2022) (denying leave to appeal *in forma pauperis* when movant failed "to explain how any aspect of the R&R [regarding failure to exhaust] is factually or legally incorrect"). As a result, the Undersigned finds that Plaintiff's appeal is frivolous and, thus, not in good faith. *See Harvey v. Soto*, No. 6:16-cv-56-ORL-41TBS, 2017 WL 4685251, at *4-5 (M.D. Fla. Sept. 20, 2017), *report and recommendation adopted*, 2017 WL 4657404 (M.D. Fla. Oct. 17, 2017) (denying motion for leave to proceed *in forma pauperis* on appeal when the plaintiff's claim was untimely under the statute of limitations).[1]

## CONCLUSION

For these reasons, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. 21), liberally construed as a motion for leave to appeal *in forma pauperis*, be **DENIED**;

2. Under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a), the Court certify that this appeal is not taken in good faith; and

---

[1] Plaintiff is advised that even if her motion is denied in this Court, she "may file a motion to appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4)." Fed. R. App. P. 24(a)(5); *see also United States v. Ortiz*, 8:15-cr-266-T-17AAS, 2018 WL 11314087, at *1 (M.D. Fla. Nov. 8, 2018) (advising that movant "may seek leave to appeal IFP from the Eleventh Circuit Court of Appeals").

3.  Under Fed. R. App. P. 24(a)(4), the Clerk of Court be directed to forward a copy of the final order denying Defendant's motion to Plaintiff and the Clerk for the United States Court of Appeals for the Eleventh Circuit.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on February 22, 2023.

_____
Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection. To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties